*1546*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL COURT RECORDS | Misc. Action No. *2:21-Mc-52*<br><br>Related to: Case No. 15-880<br><br>**FILED**<br>JAN 25 2021<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

## APPLICATION OF FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL COURT RECORDS

1. Applicants Forbes Media LLC ("Forbes") and its Associate Editor Thomas Brewster ("Brewster") respectfully move this Court for an order unsealing certain court records relating to an order under the All Writs Act, 28 U.S.C. § 1652, that required Sabre, a travel technology firm, to assist the United States government in effectuating an arrest warrant (hereinafter, the "AWA Order"). Applicants are informed and believe that the order was issued by the district court in Case No. 15-1880. *See* Ex. 1 at 4.

2. Applicants respectfully request that the Court unseal the AWA Order; the government's application for the AWA Order and any supporting documents, including affidavits; and any other court records relating to the AWA Order,

1

including, but not limited to, any motions to seal, the docket in Case No. 15-880, and all docket entries (collectively, the "AWA Materials").

## INTEREST OF THE APPLICANTS

3. Applicants, like all members of the public and the press, have a strong interest in observing and understanding the consideration and disposition of matters by the federal courts. That interest is heightened when the action of the Court concerns actions taken by the executive branch.

4. The government's use of the All Writs Act to obtain judicial orders requiring private technology firms in general, and Sabre in particular, to provide technical assistance to the government is a matter of intense public interest, as well as a subject of Applicants' reporting. *See, e.g.,* Thomas Brewster, *The FBI Is Secretly Using a $2 Billion Travel Company as a Global Surveillance Tool*, Forbes (July 16, 2020), https://perma.cc/R96R-AXL9.

5. The public and the press have a particularly strong interest in access to court records that would shed light on the government's collection of location records, which "hold for many Americans the privacies of life." *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018) (quoting *Riley v. California*, 573 U.S. 373, 403 (2014)). The disclosure of such information to the government implicates a range of weighty constitutional and policy interests, including reporter-source confidentiality. As a result, the public and press have a keen interest in

understanding the government's basis for seeking an AWA Order directing Sabre to provide it with contemporaneous travel information about a targeted individual, as well as the district court's basis for issuing that AWA order.

## BACKGROUND FACTS

6. Originally adopted in connection with the Judiciary Act of 1789, *see* Judiciary Act of 1789, ch. 20, §§ 13–14, 1 Stat. 73, 80–82, the All Writs Act in its current form authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages principles of law," 28 U.S.C. § 1651.

7. Though the All Writs Act may be used to issue orders for a range of procedural purposes, All Writs Act orders requiring private technology firms to provide the United States government with "technical assistance" are of particular public interest. *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 171 (1977).

8. In perhaps the highest-profile example, the government in 2016 sought an order under the Act that would have required Apple to provide a means of bypassing security measures on an iPhone that belonged to one of the shooters in the San Bernardino terrorist attack. *See In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203*, No. ED 15-0451M, 2016 WL 618401, at *1 (C.D. Cal. Feb. 16, 2016).

9. Before it was mooted, that litigation sparked a wide-ranging public debate on the wisdom and legality of such technical assistance orders. *See, e.g., Amicus Briefs in Support of Apple*, Apple (Mar. 2, 2016), https://perma.cc/PL6K-S6WZ (collecting court filings and public statements opposing the requested order). And the national conversation about the appropriate scope of such compelled assistance orders has continued unabated. *Compare, e.g.*, Alan Z. Rozenshtein, *Surveillance Intermediaries*, 70 Stan L. Rev. 99, 176–177 (2018) (arguing that private firms' resistance to technical-assistance orders undermines self-government), *with* Note, *Cooperation or Resistance?: The Role of Tech Companies in Government Surveillance*, 131 Harv. L. Rev. 1722, 1724 (2018) (arguing that the picture is "more complicated" and that firms play an important role in checking the government).

10. As Applicants' have reported, circumventing encryption is not the only context in which the All Writs Act has been invoked to compel private companies to assist federal government surveillance efforts. *See* Brewster, *supra*. According to court records unsealed in the Southern District of California in February 2020, the government has used the Act to require Sabre, a leading travel technology company, to engage in "real-time" monitoring of travelers who are the subject of an active arrest warrant for the government. *See* Ex. 1 at 4.

4

11. Sabre is one of the three largest players in its market, responsible for more than one-third of global air travel bookings. *See* Brewster, *supra*. As a result, it has a staggering volume and diversity of records, including "itineraries, fares, reservations, connecting flights and ticket costs," as well as "crew schedules and other logistical information." *Id.*

12. Pursuant to the All Writs Act, the government has sought orders requiring Sabre "to provide representatives of the FBI complete and contemporaneous 'real time' account activity information" on targeted travelers, what the government has described as a "hot watch." Ex. 1 at 2, 4.

13. In support of its application in the Southern District of California, the government identified several other instances in which it had asked for—and obtained—orders under the All Writs Act that imposed similar surveillance obligations on Sabre. *See* Ex. 1 at 4. One of them, identified in the application as Case No. 15-880, was issued by the Western District of Pennsylvania. *Id.* Applicants are informed and believe that the matter is still under seal.

## REQUEST FOR RELIEF

14. Applicants seek an order unsealing the AWA Materials.

15. Applicants seek any further relief that the Court deems just and proper.

Dated: January 22, 2021                    Respectfully submitted,

*s/ Paula Knudsen Burke*
Paula Knudsen Burke [PA 87607]
pburke@rcfp.org
Katie Townsend*
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*\*Pro hac vice application pending*

*Counsel for Applicants Forbes Media LLC and Thomas Brewster*

**PROOF OF SERVICE**

I hereby certify that this 22nd day of January 2021, I have served the **Application of Forbes Media LLC and Thomas Brewster to Unseal Court Records** as well at the Memorandum of Points and Authorities by Certified Mail on:

Stephen R. Kaufman
First Assistant U.S. Attorney
United States Attorney's Office for the Western District of Pennsylvania
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

                                        Respectfully submitted,

                                        */s/Paula Knudsen Burke*
                                        Paula Knudsen Burke
                                        REPORTERS COMMITTEE FOR FREEDOM
                                        OF THE PRESS
                                        PA 87607
                                        PO Box 1328
                                        Lancaster, PA 17608
                                        pknudsen@rcfp.org