IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: APPLICATION OF FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL RECORDS | Misc. No. 2:21-mc-52-MRH<br>Chief Judge Mark R. Hornak |

## NOTICE OF RELATED LITIGATION

To apprise the Court of developments in a related case, the government respectfully submits this Notice.

As the Court is aware, this action was one of three efforts involving the same applicants seeking information derived from records that had been filed under seal in the Southern District of California. The other two applications were filed in the Western District of Washington, No. 21-mc-7, and the Northern District of California, No. 21-mc-80017. In those two cases, the district court denied the applications; the petitioners appealed those decisions to the U.S. Court of Appeals for the Ninth Circuit, which consolidated the appeals at Nos. 21-16233 and 21-35612. Briefing in the appeals is underway. Most recently, on April 4, 2022, the government filed its consolidated response brief in the Ninth Circuit.

There is now a fourth case. On April 5, 2022, the petitioners moved to intervene and unseal records in a closed criminal case, *United States v. Aleksei Yurievich Burkov*, No. 15-cr-245 (E.D. Va.). *Burkov* was one of the cases listed in the S.D. Cal. application, which identified All Writs Act (AWA) orders that had purportedly issued in four other districts. *Burkov* was apparently the only one of the listed cases in which the petitioners had not previously attempted to obtain access to the AWA proceedings.

In *Burkov*, the government has informed the district court that it does not object to the unsealing of, among other things, the three documents relating to AWA orders that had issued in

1

those now-concluded proceedings. *Burkov*, Dkt. No. 82-3, at 2 (Apr. 19, 2022) (redacted version filed at Dkt. No. 86). The government stated that it "does not believe that the entry of a final judgment and the defendant's release from imprisonment will always be dispositive as to whether unsealing AWA materials is appropriate." But "on the facts of this case, the government believes that sealing is no longer necessary." *Id*. The district court has set a hearing in the matter for April 28, 2022.[1]

In *Burkov*, the government recognized and sought to accommodate an interest in public access once the target of the AWA orders had been apprehended, the investigation concluded, and the criminal proceedings closed. By contrast, the materials contested before this Court contain sensitive law-enforcement information relating to ongoing law enforcement efforts—specifically, as alleged by petitioners, fugitive-apprehension operations—and thus implicate substantial governmental interests that justify their continued sealing. That difference is critical and requires continued sealing in this case. While the government does not believe that *Burkov* changes the analysis of the issues before this Court, and in fact reinforces the government's position, the government did want to bring this new case to the Court's attention to ensure its awareness.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/ Matthew S. McHale*
MATTHEW S. McHALE (PA ID No. 91880)
Assistant United States Attorney

MARK V. GURZO
Assistant United States Attorney

---

[1] The AWA materials are not the only category of documents at issue in *Burkov*. There are two other categories: "documents related to the sealing and unsealing of the indictment and the superseding indictment," which the government does not oppose unsealing, *id*. at 1; and "two filings entered after the defendant was extradited that are unrelated to the AWA," which the government maintains should remain sealed, *id*. at 1–2.

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
matthew.mchale@usdoj.gov
(412) 894-7568
*Counsel for Respondent United States*